Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
FELICIANO DIAZ LEON, ELIAS HILARIO GUZMAN and VICTORIO GUZMAN, individually and on behalf of all others similarly situated,

                                                    Plaintiffs,

        -against-

TOASTIES ONE CORP., and DAVID JUNG, as an individual,

                                                    Defendants.
---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiffs, **FELICIANO DIAZ LEON, ELIAS HILARIO GUZMAN, and VICTORIO GUZMAN**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **FELICIANO DIAZ LEON, ELIAS HILARIO GUZMAN, and VICTORIO GUZMAN**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **TOASTIES ONE CORP., and DAVID JUNG**, as an individual, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at TOASTIES ONE CORP. located at 214 7th Avenue New York, New York 10011.

3. Plaintiff FELICIANO DIAZ LEON was employed by Defendants from in or around August 2007 until in or around December 2019.

4. Plaintiff ELIAS HILARIO GUZMAN was employed by Defendants from in or around December 2017 until in or around December 2019.

5. Plaintiff VICTORIO GUZMAN was employed by Defendants from in or around February 2018 until in or around December 2019.

6. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff FELICIANO DIAZ LEON resides at 37-17 107th Street Corona, New York 11368, and was employed by Defendants at TOASTIES ONE CORP. from in or around August 2007 until in or around December 2019.

12. Plaintiff ELIAS HILARIO GUZMAN resides at 254 Grand Avenue Bronx, New York 10468, and has been employed by Defendants at TOASTIES ONE CORP. from in or around December 2017 until in or around December 2019.

13. Plaintiff VICTORIO GUZMAN resides at 254 Grand Avenue Bronx, New York 10468, and has been employed by Defendants at TOASTIES ONE CORP. from in or around February 2018 until in or around December 2019.

14. Upon information and belief, Defendant, TOASTIES ONE CORP., is a corporation organized under the laws of New York with a principal executive office at 214 7th Avenue New York, New York 10011.
15. Upon information and belief, Defendant, TOASTIES ONE CORP., is a corporation authorized to do business under the laws of New York.
16. Upon information and belief, Defendant DAVID JUNG owns and/or operates TOASTIES ONE CORP.
17. Upon information and belief, Defendant DAVID JUNG is an agent of TOASTIES ONE CORP.
18. Upon information and belief, Defendant DAVID JUNG has power over personnel decisions at TOASTIES ONE CORP.
19. Upon information and belief, Defendant DAVID JUNG has power over payroll decisions at TOASTIES ONE CORP.
20. Defendant DAVID JUNG has the power to hire and fire employees, including the Plaintiffs, establish and pay their wages, set their work schedule, and maintain their employment records at TOASTIES ONE CORP.
21. During all relevant times herein, Defendant DAVID JUNG was Plaintiffs' employer within the meaning of the FLSA and NYLL.
22. On information and belief, TOASTIES ONE CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

23. Plaintiff FELICIANO DIAZ LEON was employed by Defendants from in or around August 2007 until in or around December 2019.
24. During Plaintiff FELICIANO DIAZ LEON'S employment by Defendants at TOASTIES ONE CORP., Plaintiff was a food preparer, cook, and cleaner, while

3

performing other miscellaneous duties from in or around August 2014 until in or around December 2019.

25. Plaintiff worked approximately fifty-seven (57) hours or more per week during his employment by Defendants from in or around August 2014 until in or around December 2019.

26. Plaintiff FELICIANO DIAZ LEON was paid by Defendants approximately $550.00 per week from in or around August 2014 until in or around December 2016, approximately $570.00 per week in or around 2017, approximately $650.00 per week in or around 2018, and approximately $725.00 per week from in or around January 2019 until in or around December 2019.

27. Furthermore, although Plaintiff FELICIANO DIAZ LEON worked approximately fifty-seven (57) hours or more per week during the period of his employment by Defendants from in or around August 2014 until in or around December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Plaintiff ELIAS HILARIO GUZMAN was employed by Defendants from in or around December 2017 until in or around December 2019.

29. During Plaintiff ELIAS HILARIO GUZMAN'S employment by Defendants at TOASTIES ONE CORP., Plaintiff was a food preparer, while performing other miscellaneous duties from in or around December 2017 until in or around December 2019.

30. Plaintiff worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around December 2017 until in or around December 2019.

31. Plaintiff ELIAS HILARIO GUZMAN was paid by Defendants approximately $485.00 per week from in or around December 2017 until in or around December 2017, and approximately $500.00 per week from in or around January 2018 until in or around December 2019.

32. Defendants failed to pay Plaintiff ELIAS HILARIO GUZMAN the legally prescribed minimum wage for his hours worked from in or around January 2018 until in or

around December 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

33. Furthermore, although Plaintiff ELIAS HILARIO GUZMAN worked approximately fifty-four (54) hours or more per week during the period of his employment by Defendants from in or around December 2017 until in or around December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Plaintiff VICTORIO GUZMAN was employed by Defendants from in or around February 2018 until in or around December 2019.

35. During Plaintiff VICTORIO GUZMAN'S employment by Defendants at TOASTIES ONE CORP., Plaintiff was a food preparer, while performing other miscellaneous duties from in or around February 2018 until in or around December 2019.

36. Plaintiff worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around February 2018 until in or around December 2019.

37. Plaintiff VICTORIO GUZMAN was paid by Defendants $540.00 per week from in or around February 2018 until in or around December 2019.

38. Defendants failed to pay Plaintiff VICTORIO GUZMAN the legally prescribed minimum wage for his hours worked from in or around January 2019 until in or around December 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

39. Furthermore, although Plaintiff VICTORIO GUZMAN worked approximately fifty-four (54) hours or more per week during the period of his employment by Defendants from in or around February 2018 until in or around December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

40. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

41. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

42. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

44. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, and cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

45. Upon information and belief, Defendants employed approximately 20 to 35 employees within the past three years subjected to similar payment structures.

46. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

47. Defendants' unlawful conduct has been widespread, repeated, and consistent.

48. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

49. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

50. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised

notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

52. The claims of Plaintiffs are typical of the claims of the putative class.

53. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

54. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

55. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

56. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

57. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

61. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

65. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

66. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

67. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

68. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

69. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
70. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
71. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.
72. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.
73. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
75. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.
76. At all times relevant to this action, Defendants were employers within the meaning of NYLL.
77. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.
78. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.
79. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

80. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
81. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
82. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
84. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
85. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs unpaid overtime wages;
   c. Awarding Plaintiffs unpaid minimum wages;
   d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   e. Awarding Plaintiffs prejudgment and post-judgment interest;

    f.   Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

    g.   Awarding such and further relief as this court deems necessary and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 4th day of July 2020.

*[signature]*

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELICIANO DIAZ LEON, ELIAS HILARIO GUZMAN, and VICTORIO GUZMAN, individually and on behalf of all others similarly situated,

                       Plaintiffs,

-against-

TOASTIES ONE CORP., and DAVID JUNG, as individuals,

                       Defendants.

---

## COLLECTIVE ACTION COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

TO:

**TOASTIES ONE CORP.**
**214 7TH AVENUE**
**NEW YORK, NEW YORK 10011**

**DAVID JUNG**
**214 7TH AVENUE**
**NEW YORK, NEW YORK 10011**